# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1412-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

G.R.S.,[1]

    Defendant-Appellant.

Argued October 6, 2025 – Decided October 23, 2025

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 21-07-0643.

Jane M. Personette, argued the cause for appellant (Bastarrika, Soto, Gonzalez & Somohano, LLP, attorneys; Jane M. Personette, of counsel and on the brief).

K. Charles Deutsch, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County

---

[1] We use initials and pseudonyms to protect the privacy of the victim. See R. 1:38-3(c)(12).

Prosecutor, attorney; K. Charles Deutsch, of counsel and on the brief).

PER CURIAM

Tried by a jury, defendant G.R.S. appeals his convictions of fourth-degree criminal sexual contact with his teenage stepdaughter E.O., N.J.S.A. 2C-3(b), and second-degree endangerment of her welfare, N.J.S.A. 2C:24-4(a). The jury acquitted him of second-degree sexual assault. N.J.S.A. 2C:14-2(c)(3)(C).

The trial judge sentenced defendant to an eight-year term on the child endangerment offense, with a concurrent one-year term on the sexual contact count, plus Megan's Law reporting obligations.

Defendant contends the trial court erred in admitting N.J.R.E. 404(b) evidence without an un-requested limiting instruction, denying his motion for a new trial, and declining to set aside his endangerment conviction. He further argues the State deprived him of a fair trial by moving copious text messages between defendant and the victim into evidence and pejoratively describing his testimony to the jury as "rambling." Lastly, defendant argues his sentence is excessive.

We affirm.

I.

A-1412-22

We succinctly describe the factual record without unnecessarily burdening the reader with graphic details. In essence, the case arises out of a series of escalating acts involving defendant and E.O.

In 2010 when E.O. was eight, her mother D.B., who was divorced from E.O.'s biological father, married defendant. They moved into defendant's residence, and later purchased and moved into a new residence where the repeated acts of sexual abuse were said to occur.

Specifically, the indictment charged defendant with sexually assaulting E.O. and having criminal sexual contact with her from July 27, 2017 and February 28, 2018 when she was sixteen. The indictment also charged him with endangering the welfare of a child.

The State's proofs included the victim's testimony that defendant repeatedly touched her vagina and committed cunnilingus on her while they were in the house together. The State also accused defendant of digital penetration, but, as noted above, the jury acquitted him of sexual assault.

E.O. eventually revealed the sexual behavior to her mother in February 2018, after confiding in a friend. The mother and E.O. immediately moved out of the residence.

A-1412-22

The State presented evidence of over 2,000 text messages between defendant and E.O. that took place between April and July 2018, in which defendant offered her gifts and threatened to kill himself.

Before trial, the State moved in limine for permission to present evidence of defendant's conduct that occurred before E.O. turned sixteen. The State argued this pre-age-sixteen evidence was admissible either as proof "intrinsic" to the crimes under Rule 403 and State v. Rose, 206 N.J. 141, 172 (2011) or, alternatively, as "other crimes" evidence admissible under N.J.R.E. 404(b) and State v. Cofield, 127 N.J. 328, 334 (1992).

After an evidentiary hearing, the court issued an oral opinion that granted the State's motions in part and denied them in part. Specifically, the court excluded proof of defendant's alleged conduct touching E.O.'s thigh when she was twelve or thirteen, because it was deemed too remote in time from the period of the indictment. However, the court allowed the State to present evidence that defendant had moved his hand over E.O.'s chest and touched her inner thigh, and that he also kissed her on the mouth and touched her vagina when she was age fifteen. Most of this allowed evidence was presented at trial, and defendant did not seek a limiting instruction.

A-1412-22

After the verdict, defendant unsuccessfully moved for a new trial. The court then imposed the aggregate eight-year sentence described above. This direct appeal ensued.

II.

As expressed in his appellate brief, defendant specifically raises the following points:

POINT I

SUBSTANTIAL ERRORS INVOLVING THE ADMISSION OF 404(b) AND INTRINSIC EVIDENCE COMPEL THAT DEFENDANT'S CONVICTION BE VACATED THE MATTER REMANDED (Not raised below).

POINT II

THE COURT'S FAILURE TO INSTRUCT THE JURY AS TO THE LIMITED USE OF 404(B) EVIDENCE COMPELS REVERSAL OF DEFENDANT'S CONVICTION

POINT III

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

POINT IV

DEFENDANT'S CONVICTION AS TO COUNT THREE OF THE INDICTMENT MUST BE SET ASIDE

A-1412-22

POINT V

CUMULATIVE TRIAL ERRORS DEPRIVED DEFENDANT OF A FAIR TRIAL AND WARRANT REVERSAL

POINT VI

THE SENTENCE IMPOSED IS EXCESSIVE

For the reasons that follow, none of these arguments warrant reversal.

A.

Defendant's primary arguments on appeal (Points I, II, and III, combined) concern the presentation at trial of evidence that the State has contended was admissible under either the "intrinsic evidence" principles of State v. Rose and N.J.R.E. 403 or the "past bad acts" authorization of N.J.R.E. 404(b) and State v. Cofield.

As defendant acknowledges—with the exception of matters that had been specifically addressed pretrial at the contested motion in limine hearing—he did not object to the admission of the conduct evidence during the trial. Consequently, we must review whether the admission of the evidence constituted plain error, see State v. Macon, 57 N.J. 325, 337-38 (1971) (regarding plain error principles), and whether it was sufficiently harmful to

6

require the verdict be set aside.  State v. Brown, 170 N.J. 138, 147 (2001) (requiring a "manifest denial of justice" to constitute harmful error).

Pursuant to N.J.R.E. 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the disposition of a person in order to show that he acted in conformity therewith.  Such evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident when such matters are relevant to a material issue in dispute.

Our Supreme Court has clarified that such Rule 404(b) evidence may be admitted, provided it meets the following test:

> 1.    [t]he evidence of the other crime must be admissible as relevant to a material issue;
>
> 2.    [i]t must be similar in kind and reasonably close in time to the offense charged[2];
>
> 3.    [t]he evidence of the other crime must be clear and convincing; and
>
> 4.    [t]he probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [State v. Cofield, 127 N.J. 328, 338 (1992) (citation omitted).]

---

[2] Notably, with respect to this second element of Cofield, the Court has clarified that "[t]emporality and similarity of conduct is not always applicable, and thus not required in all cases." Rose, 206 N.J. at 160; State v. Williams, 190 N.J. 114, 131-34 (2007).

This Cofield analysis is designed to reduce the risks that a jury might convict a defendant because that individual appears to be "a 'bad' person in general." Id. at 336 (internal citation omitted); see also State v. Reddish, 181 N.J. 553, 608 (2004).

When Rule 404(b) evidence is admitted for a particular purpose, the court is generally obligated to instruct the jury on its limited use of the evidence. Cofield, 127 N.J. at 340-41. This instruction serves to "'clarify for the jury the narrow distinction between the permissible and impermissible uses of the other-crime evidence.'" Id. at 341 (internal citation omitted); accord State v. Gillispie, 208 N.J. 59, 92-93 (2011).

Notwithstanding this general prescription, a trial court's omission of a Rule 404(b) limiting instruction may be found to be harmless on appeal. State v. Garrison, 228 N.J. 182, 200-01 (2017). When, as here, a defendant fails at trial to request such a limiting instruction, it may be presumed that it was a strategic choice because requesting such an instruction, spotlighting the prior acts mentioned in testimony, may not be to defendant's advantage. Accordingly, the court may bar a defendant from raising the objection for the first time on appeal. State v. Yough, 208 N.J. 385, 400-01 (2011).

By comparison, as the Court explained in Rose, evidence deemed "intrinsic to the charged crime is exempt from the strictures of Rule 404(b)" because it is not evidence of "other" crimes, wrongs or acts. Rose, 206 N.J. at 177. In this regard, our Court has adopted the definition of intrinsic evidence used in federal court by the Third Circuit Court of Appeals. Evidence is "intrinsic" if it: (a) directly proves the charged offense; or (b) is an uncharged act that was performed contemporaneously with, and helped to facilitate, the charged crime. Id. at 180 (citing United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010)). Such evidence need only satisfy the evidence rules relating to relevancy, in particular the permissive tests of N.J.R.E. 401 and N.J.R.E. 403. Id. at 179. Rule 403 provides that a court "may" exclude evidence relevant under Rule 401 if undue prejudice or other countervailing factors "substantially outweig[h]" the probative value of such proof. N.J.R.E. 403; see also State v. Cole, 229 N.J. 430, 448 (2017). The appropriate admission of intrinsic evidence does not require a limiting instruction. Rose, 206 N.J at 179-80.

Defendant essentially contends that: (1) certain evidence of his wrongful interactions with E.O. was improperly presented at trial, or mischaracterized as intrinsic evidence when it should have been evaluated as Rule 404(b) evidence; (2) during her testimony, E.O. described some other incidents that had not been

A-1412-22

specifically addressed and deemed admissible at the pretrial hearing; and (3) the trial court should have issued a limiting instruction concerning the Rule 404(b) evidence, and its failure to do so amounts to reversible error.

Having considered these related arguments in light of the record and the law, and bearing in mind defendant's failure to object at trial, we discern no plain error that compels reversal of his conviction. The evidence in question was justifiably admitted either as intrinsic evidence or Rule 404(b) proof.

In particular, the evidence of defendant's inappropriate interactions with E.O. before she turned the age of sixteen is intrinsic to his charged offenses, insofar as they tend to show how they helped to "facilitate" a pattern of escalating sexual conduct. Rose, 206 N.J. at 180. The proof of defendant's body massaging, buttocks slapping, and breast grabbing of E.O. that set the stage for more invasive conduct is part and parcel of an ongoing course of wrongful behavior and therefore "intrinsic." Those earlier acts, which occurred only a about a month before E.O.'s sixteenth birthday, have a sufficient temporal nexus with the post-age-sixteen incidents to be regarded, in a broad sense, as "contemporaneous" with the charged criminal behavior.

In any event, we need not rely on the intrinsic evidence rationale because the proof alternatively meets the tests of admissibility under Rule 404(b) and

Cofield. Among other things, the bad-acts evidence tends to substantiate defendant's preparation, plan, opportunity, and intent to abuse E.O. N.J.R.E. 404(b). The Cofield elements of materiality, clear and convincing strength (through a narrative by a credible trial witness), and probative value outweighing prejudice are all met. Cofield, 127 N.J. at 338.

We are mindful that the court did not issue a Rule 404(b) limiting instruction. But defendant did not request such an instruction, perhaps because it could have reminded the jury about and highlighted specific incidents that were embedded within the victim's lengthy narrative. In any event, we regard the present case as a justifiable exception to the general policy calling for such instructions. Garrison, 228 N.J. at 200-01.

Even if, for the sake of discussion, portions of the evidence should have been excluded by the court, sua sponte, the vast quantum of properly admitted proof of defendant's wrongful contact with E.O. was so compelling as to render the alleged error harmless.

Given our disposition of these evidentiary issues, the trial court did not err in denying defendant's motion for a new trial based on such alleged errors. No plain error was demonstrated, let alone one that was harmful. See Macon, 57 N.J. at 340-41.

11

B.

Defendant further argues that his conviction on count three for child endangerment must be set aside because he was acquitted of sexual assault on count one. He asserts the guilty verdict on endangerment is inconsistent with the sexual assault acquittal.

It is well settled under New Jersey law that inconsistent jury verdicts may be sustained, so long as there is a rational factual basis in the trial record to support the verdict of guilt. State v. Banko, 182 N.J. 44, 53-55 (2004); see also State v. Muhammad, 182 N.J. 551, 578 (2005). Here, the trial record contains more than adequate evidence of the elements of child endangerment under N.J.S.A. 2C:24-4(a).

We recognize the State endeavored at trial to use the evidence of alleged sexual penetration as acts of child endangerment. But the evidence of other forms of sexual wrongs proven at trial suffices as an alternative basis to establish endangerment.

As the relevant portion of the jury charge confirms, in addition to the two acts of penetration that supported count one, the jury was also permitted to consider E.O.'s testimony that she manually masturbated defendant's penis in

12

support of count three.  Moreover, as <u>Banko</u> and its progeny instructs, a jury's verdicts on respective counts do not necessarily have to be harmonized.

## C.

The remaining arguments advanced by defendant warrant little discussion. In particular, the prosecution's remarks during the trial and in summation, including his characterization of defendant's testimony as "rambling," were within the bounds of fair advocacy and did not deprive defendant of a fair trial. <u>State v. Pressley</u>, 232 N.J. 587, 593 (2018) (requiring "egregious" misconduct by a prosecutor to warrant reversal).  Nor was defendant denied a fair trial by the admission of multiple text messages which evidenced the persistent nature of defendant's communications, and which were admissible within the trial court's discretion.  <u>See</u> N.J.R.E 403 (concerning cumulative evidence). Additionally, we perceive no cumulative error that would compel a reversal of the verdict.  <u>State v. Orecchio</u>, 16 N.J. 125, 129 (1954) (explaining cumulative error).

Lastly, the eight-year sentence the court imposed reflects a sound analysis of aggravating and asserted mitigating factors, lies within the range for second-degree offenses and two years below the ten-year top of that range, and does not shock the judicial conscience.  <u>State v. Fuentes</u>, 217 N.J. 57, 70 (2014).

13

To the extent we have not discussed them, the remaining arguments presented on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

14